IN THE MATTER OF THE ESTATE OF EVERITT KILBURN
TAYLOR, DECEASED.

Essex County Court
Probate Division

Decided March 3, 1953.

*Mr. David A. McBride,* attorney for the proponents.

*Messrs. Osborne, Cornish & Scheck (Mr. Abram H. Cornish* appearing), attorneys for next of kin.

*Mr. William H. Campbell, Jr.,* attorney for the legatees.

CONLON, J. C. C. Everitt Kilburn Taylor died on March 21, 1952, and there is offered for probate a writing purporting to be his last will and testament dated January 17, 1942. It was established that the document is in the handwriting of the defendant but is not signed by him. His name, in his own handwriting, appears in three places. At the top is written "The Last Will and Testament of Everitt Kilburn Taylor." The body of it begins with the words "I, Everitt

Kilburn Taylor, of the Village of South Orange." As has been stated, there is no signature, but below a space that was obviously left for that purpose is set forth the following attestation clause in Mr. Taylor's handwriting:

"The above Everitt Kilburn Taylor, having this seventeenth day of January 1942, has made known to us the contents of this instrument and declared it to be his last Will and Testament, and signed and sealed it in our presence; we therefore, at his request, and in his presence, and in the presence of each other do hereby set our hands and seals as witnesses hereunto."

Beneath the attestation clause appears the signatures of Matthias R. Mitten and Dorothy H. Mitten as witnesses.

▆ The purported will is in holographic form and it is immaterial that the signature is not at the end thereof. *In re Phelan*, 82 *N. J. Eq.* 316 (*Prerog.* 1913), affirmed 82 *N. J. Eq.* 647 (*E. & A.* 1914).

▆ Since the attestation clause conforms to the statutory requirements, the purported will should not be upset for deficiency in its execution except upon clear evidence. *James v. Wendehack*, 1 *N. J. Super.* 203 (*App. Div.* 1949), certification denied 1 *N. J.* 603 (1949). Nor should its validity be overcome because of lack of recollection of the witnesses. *In re Lazzati*, 131 *N. J. Eq.* 54 (*E. & A.* 1942). However, while the attestation clause with the signatures of the witnesses is *prima facie* evidence of the facts stated in it, it may be overcome by the witnesses themselves or by facts and circumstances irreconcilable with its validity. *In re Wherry*, 131 *N. J. Eq.* 505 (*E. & A.* 1942).

▆▆ In the instant case the facts set forth in the attestation clause are categorically contradicted by both of the witnesses, so as to render inescapable the conclusion that the will was neither signed in the presence of the witness nor his signature acknowledged by him to the witnesses. The proof of one of those alternatives is a prerequisite of the validity of a will.

The evidence discloses Mr. and Mrs. Mitten lived across the street from the decedent. On the day in question he

came across to their home and asked them to witness his will. He thereupon laid the paper on a table folded up so that the witnesses could see nothing but the portion where they were to sign. Both witnesses testified that they were not asked to witness the will. Mr. Mitten testified as follows:

"Q. What did he do? Ask you to witness it, to be a witness to it? or what did he say?
A. He wanted me to sign my name to it—that's all."

Mrs. Mitten answered a similar question as follows:

"Q. Did or did not Mr. Taylor say he wanted you to witness the will?
A. No, he said this is his will; he wanted the signature to it."

There was no question that the witnesses did not recall the incident. In answer to the court's questions Mrs. Mitten testified as follows:

"Q. Did you see him sign the will? A. No.
Q. Did he say anything about his signature?
A. No.
Q. You are quite sure of that?
A. Yes. I did not hear him.
Q. You mean by that you remember you did not hear him or you do not remember?
A. No. I did not hear him."

 The facts do not bring the case within the principles laid down in the case of *In re Gorrell,* 19 *A.* 2d 334 (*Orph. Ct.* 1941), and the cases therein cited. In that case the witnesses were shown the signature and were requested to witness the will. This case is controlled by the rule laid down in the case of *In re Sage,* 90 *N. J. Eq.* 209 (*Prerog.* 1919), affirmed 90 *N. J. Eq.* 580 (*E. & A.* 1919), in which it is held that the requirements of the statute are not fulfilled where the witnesses sign without seeing a signature made by the deceased outside of their presence and without an indication by him that he had signed it.

The probate is denied.